**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | **Dist. Ct. Appeal No. 13 - 1379 (CCC)** |
| RAFAEL SCHETTINI GUTIERREZ | Bankruptcy Appeal |
|   Debtor | |
| JESSICA BONANO AND MIS RAICES, INC.<br>  Appellants-Creditors-Movants | Re: |
| RAFAEL SCHETTINI GUTIERREZ<br>  Appellee-Debtor-Respondent | Bankruptcy Appeal of Orders reopening closed bankruptcy case in order to schedule new claim, denying a request to lift the stay in order to litigate State Court Case, discharging Creditor's claims, and closing the Bankruptcy Case after Bankruptcy Court dismissal of Creditor's Adversary Complaint for exemption of claim from discharge under 11 U.S.C. § 523(a)(3) & (a)(10) |
| NOREEN WISCOVITCH-RENTAS<br>  Chapter 7 Trustee | |
| | Bkrtcy. Case No. 09-9000 (MCF) (Chp. 7) |
| IN RE: | **Dist. Ct. Appeal No. 13 - 1380 (JAG)** |
| RAFAEL SCHETTINI GUTIERREZ | Bankruptcy Appeal |
|   Debtor | |
| JESSICA BONANO AND MIS RAICES, INC. | Re: |
|   Appellants-Plaintiffs<br>        vs. | Bankruptcy Appeal of Orders dismissing Appellants' Adversary Complaint for exemption of claim from discharge under 11 U.S.C. § 523(a)(3) & (a)(10) |
| RAFAEL A. SCHETTINI GUTIERREZ | Bkrtcy. Case No. 09-9000 (MCF) (Chp. 7) |
|   Appellee-Defendant | Adv. Case No. 12-00237 (MCF) |

**APPELLANTS' OPPOSITION TO THE NEW MOTION (DKT. #43) REQUESTING NEW EXTENSION TO FILE ITS OPENING BRIEF, RENEWED MOTION REQUESTING ORDER DEEMING APPELLANTS' BRIEF UNOPPOSED, AND RENEWED REQUEST FOR SANCTIONS AGAINST APPELLEE AND ITS COUNSELS**

TO THE HONORABLE DISTRICT COURT:

**NOW COME** the Appellants Mis Raices, Inc. ("Mis Raíces") and Jessica Bonano Vázquez ("Ms. Bonano") (joint referred to herein as "Creditors" or "Appellants") through their undersigned counsel, and respectfully states, alleges and prays:

1.   Once again, the Appellee has filed another Motion (**Dkt. #43**) seeking another protracted, unwarranted, and unjustified extension of "30 days from the date of the entry of the Order granting this motion, or until August 4, 2014, whichever is longer", in order to file its Opening Brief.

2.   The Appellee has already made, and continue making, a mockery of the instant proceedings.

3.   The Appellee was supposed to file its Opening Brief on December 30, 2014.  This means that the Appellee's Brief is already seven months late. The Appellee has sought multiple, protracted, and unreasonably long extensions, based on nothing more than the refusal and unwillingness of its two attorneys of record to spend the time needed to write the brief.  There is absolutely no cause or justification that could justify the Appellee's complete failure to file its Opening Brief **in seven months**.  There is even less cause or justification for allowing the Appellee another extension.  As noted by the First Circuit Court, "It is difficult to imagine any circumstances in which a court should be expected to tolerate so brazen a flouting of its case-management authority." Torres v. Commonwealth of P.R., 485 F.3d 5, 10 (1st Cir. 2007).

4.   As expressed in our previous motions, at this point, the only possible measure that the Honorable Court should take is to deny the multiple motions filed by the Appellee, and instead deem Appellants' Brief as unopposed.  It is apodictic that "trial courts are not required to accept at

face value litigants' reasons for their failure to meet deadlines". Torres, 485 F.3d at 11. See also Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 117-18 (1st Cir. 2005) (finding that the district court did not abuse its discretion in denying defendant's third motion for an extension of time to file an opposition); Jones v. Winnepesaukee Realty, 990 F.2d 1, 6 (1st Cir. 1993). That is particularly true where, as here, the parties offering the explanation have exhibited a pattern of dilatory conduct. Cf. Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 537 (1st Cir. 1988) (affirming sanctions when "the history of foot-dragging evident in the record" made it "difficult to draw any other inference but that [the sanctioned party] did not intend to comply unless absolutely forced to do so").

5. The appropriate remedy for this behavior is to deem Appellants' Brief as unopposed. Trial judges have well-established discretion to set deadlines as part of their responsibility to manage crowded dockets efficiently. Zegarra v. D'Nieto Uniforms, Inc., 623 F. Supp. 2d 212, 216 (D.P.R. 2009). "[A] district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." Mendez v. Banco Popular de P.R., 900 F.2d 4, 7 (1st Cir. 1990). "We have made it clear that district courts may punish such dereliction in a variety of ways, including but not limited to the preclusion of untimely motions . . ." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). See also Mouliert v. Flores Galarza, 2006 U.S. App. LEXIS 756 (1st Cir. 2006) (holding that untimeliness and blatant disregard to the district court's case management orders merited finding dispositive motion as unopposed).

**WHEREFORE**, for the reasons stated herein, it is requested that this Honorable District Court **DENY** Appellee's new *Motion for Extension* (**Dkt. #43**), and instead **DEEM** Appellants'

3

Opening Brief **AS UNOPPOSED**.

I HEREBY CERTIFY: That on this same date a true and exact copy of the foregoing was sent by electronic mail to all counsels of record via the CM/ECF System.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of July, 2014.

                              LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
                              Counsel for Appellants
                              #117 De Diego Ave.,
                              Urb. San Francisco,
                              San Juan, P.R.  00927-6310
                              Tel. (787) 758-1549;
                              Fax. (787) 751-1052
                              CM/ECF E-Mail: MelendezAlbizuLaw@gmail.com


*/s/Luis A. Meléndez-Albizu, Esq.*
US Dist. Ct of P.R. Bar No. 205703