IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>RAFAEL SCHETTINI-GUTIERREZ<br>Debtor | CIVIL 13-1379(CCC) |
| JESSICA BONANO AND MIS RAICES, INC.<br>Appellants-Creditors-Movants<br><br>RAFAEL SCHETTINI-GUTIERREZ<br>Appellee-Debtor-Respondent<br><br>NOREEN WISCOVITCH-RENTAS<br>Chapter 7 Trustee | |
| IN RE:<br>RAFAEL SCHETTINI-GUTIERREZ<br>Debtor | |
| JESSICA BONANO AND MIS RAICES, INC.<br>Appellants-Plaintiffs<br>vs.<br>RAFAEL A. SCHETTINI-GUTIERREZ<br>Appellee-Defendant | CIVIL 13-1380(JAG) |

**OPINION AND ORDER**

This action is before us on consolidated appeals from two decisions of the bankruptcy court in the case In re: Rafael Schettini Gutiérrez, Bankruptcy Case No. 09-9000(MCF); the first, reopening the case and allowing debtor to amend his Schedule F list of creditors to include appellants Jessica Bonano-Vázquez and Mis Raíces, Inc., hereinafter Bonano, appellant, or

CIVIL 13-1379CCC                              2

creditor, and second, denying appellants' request to lift the automatic stay in order to litigate their counterclaim[1] in a state court case against debtor, discharging their claim and closing the bankruptcy case.  They further appeal from the Bankruptcy Court's denial of their motion for reconsideration.

The facts of the case are well established, and, therefore, we relate only minimal facts relevant to this appeal.  After entry of discharge and closing of his Chapter 7 bankruptcy case (Bankruptcy docket entries 53 and 54), Schettini requested its reopening in order to include Bonano's claim the events of which occurred before he filed his bankruptcy petition. (Bankruptcy docket entries 57 and 58).  More than five months later, after multiple extensions of time to oppose the motion, the Court held a hearing on October 26, 2011 on the debtor's request and appellant's opposition to the reopening of the case and Schedule F amendment.  The minutes of the hearing reflect that the Bankruptcy Court granted the reopening of the case based on the reasons stated in Schettini's motion. (Bankruptcy docket entry 86).  The Bankruptcy Court's minutes reflect that the appellants were represented at the meeting by their attorney, Luis A. Meléndez-Albizu.  Thereafter, the Court scheduled a creditors' meeting for December 6, 2011, and set February 4, 2012 as the last day to oppose discharge or dischargeability.  (Bankruptcy docket entry 88).

The notice specifically states at page 2:

> There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time*. If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof

---

[1] Bonano's counterclaim sought to collect monies paid as part of the down payment for the purchase of Schettini's restaurant, as well as costs invested in remodeling the premises in preparation for the reopening of the business.

CIVIL 13-1379CCC                3

>of claim. It this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.

Emphasis in the original.

The creditors' meeting was held as scheduled, with appellants' attorney present, although he would rather have had it been postponed.  See Bankruptcy docket entry 106.  On March 13, 2012, the Bankruptcy Court issued an order closing the case pursuant to Rule 5009 of the Federal Rules of Bankruptcy Procedure.  The order, Bankruptcy docket entry 109,  notes that no objections were filed by any party in interest.  On March 23, 2012 appellants' counsel filed  "Petitioners' Motion for Reconsideration and to Reopen Case." (Bankruptcy docket entry 111).  Bonano dedicates five pages to reviewing the travel of the case, but fails to explain why she did not take appropriate action or file any objections to the discharge by the February 4, 2012 deadline set by the Bankruptcy Court.

The Opinion and Order entered April 1, 2013 by Bankruptcy Court Judge Mildred Cabán succinctly summarizes the facts and law of this case, which we adopt, and therefore do not enter in detail.  As noted by Bonano herself, the granting of the reopening of the case in order to belatedly schedule a claim is reviewed for abuse of discretion.  In re Searles, 70 B.R. 266, 270-271 (D.R.I. 1987).  We see no abuse here.  Similarly, overlooked by appellants is the fact that they have not demonstrated that their debt is in any manner secured and that there are assets belonging to the estate.  Therefore, permitting appellants to pursue a state court case for which no financial remedy would be available would be futile.

CIVIL 13-1379CCC 4

Finding the Bankruptcy Court's decisions in this action are firmly supported by fact and law, we AFFIRM its judgment and DISMISS this appeal.

SO ORDERED.

At San Juan, Puerto Rico, on January 30, 2015.

S/CARMEN CONSUELO CEREZO
United States District Judge